UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL HARRIS,<br><br>   Plaintiff,<br><br>   v.<br><br>KING COUNTY PUBLIC HEALTH JAIL SERVICES, et al.,<br><br>   Defendants. | Case No. C15-833-MJP-JPD<br><br>ORDER STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING DEFENDANTS TO CLARIFY DISCREPANCIES IN RECORD |

Plaintiff, an inmate at the Coyote Ridge Corrections Center in Connell, Washington, who is proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1-1. On October 9, 2015, defendants filed a motion for summary judgment, Dkt. 7, which plaintiff has not opposed. During this Court's review of the evidence filed in support of defendants' motion, however, the Court has discovered a significant discrepancy between defendants' characterization of certain medical evidence and the actual chart notes from Jail Health Services ("JHS") during plaintiff's incarceration at the King County Jail ("KCJ") in early December 2013.

ORDER
PAGE - 1

1       Specifically, defendants assert in their motion that when plaintiff was seen a third time
2  at Harborview Medical Center ("Harborview") for worsening ankle pain and swelling due to
3  his left ankle cellulitis on the night of December 6, 2015, only one day after plaintiff's
4  December 5, 2013 discharge from Harborview for the same condition, and plaintiff "reported
5  to Harborview that while in jail he had not received any pain medication or antibiotics [since
6  his December 5, 2013 discharge] . . . this was not true." Dkt. 7 at 4. Defendants further state
7  that "[s]ince Mr. Harris' last discharge from Harborview [on December 5, 2013], he had
8  received 5 doses of Vicodin for pain, *had antibiotics to take on his own*, and had his ankle
9  dressings changed by JHS staff." *Id*. Defendants claim that "because Mr. Harris did not take
10 his antibiotics when allowed to do so himself, the order for his antibiotics was changed from
11 Keep on Person (KOP) to Single Dose (SD) . . . Therefore the antibiotics were to be dispensed
12 to Mr. Harris under direct observation." *Id*. at 5.
13      Similarly, defendant Dr. Sanders discusses this same evidence in his declaration, and
14 blames plaintiff for not taking all of his antibiotics after his discharge from Harborview on
15 December 5, 2013. Specifically, Dr. Sanders notes that when plaintiff was seen a third time at
16 Harborview late at night on December 6, 2013, only one day after his prior discharge, plaintiff
17 reported to the Harborview medical staff "that while in jail he had not received any pain
18 medication or antibiotics," but "[a] review of the records shows this was not true. Since Mr.
19 Harris' last discharge from Harborview, he had received 5 doses of Vicodin for pain, *had*
20 *antibiotics to take on his own*, and had his ankle dressings changed by JHS staff." Dkt. 10
21 (Sanders Decl.) at ¶ 11 (citing Dkt. 10, Ex. 5) (emphasis added).
22      This Court's review of the corresponding chart notes from Harborview and JHS,
23 however, suggests that defendants are not accurately characterizing the record evidence.
24 Specifically, the notes from Harborview dated December 6, 2013 reflect plaintiff's report that
25 "since his discharge yesterday, he has not been given any of his Bactrim PO as prescribed, nor
26 has he been given his oxycodone for pain or any of his Wellbutrin. He states the only

ORDER
PAGE - 2

1    medications he received since leaving the hospital are 2 Vicodin earlier today." Dkt. 10, Ex. 5
2    at 3; Dkt. 10, Ex. 5 at 5 ("This is a 34yo M with known L ankle cellulitis with repeated re-
3    admits from KCJ who presents after discharge yesterday 12/05 with complaints that he is not
4    getting his medications in jail and is not able to elevate his foot and therefore it is getting
5    worse").  The Harborview Emergency Room physician contacted the KCJ infirmary shortly
6    before midnight to learn why plaintiff was reporting that he was not receiving his prescribed
7    medication, and then noted that "[p]er the nurse on duty, the patient is being given his vicodin
8    observed, but *his antibiotics and other medications have been given to him to be taken on his*
9    *own. The nurse could not locate the bottle in his room for a pill count, but it seems that the*
10   *patient has deliberately been not taking his antibiotics and antidepressants while in jail*.  The
11   infirmary nurse confirmed that all medications can be written to be taken under observation,
12   and that elevation supplies are readily available." *Id*. at 6 (emphasis added).  As a result of the
13   KCJ infirmary nurse's report that plaintiff was "deliberately . . . not taking his antibiotics," in
14   plaintiff's discharge paperwork the Harborview physician recommended that all plaintiff's
15   prescriptions be directly observed in the future.  Dkt. 10, Ex. 5 at 7 ("BACTRIM BID MUST
16   BE OBSERVED THERAPY.  DO NOT GIVE THESE TO THE PATIENT TO TAKE
17   HIMSELF.  HE HAS PREVIOUSLY STATED THAT HE WAS NOT GIVEN HIS
18   MEDICATIONS.").

19          JHS Nursing Progress Notes from the early morning hours of December 7, 2013, when
20   plaintiff was returned to KCJ following his late night visit to Harborview, also reflects the
21   phone contact between the Harborview Emergency Room physician and the KCJ infirmary
22   nurse due to plaintiff's report that he had not been receiving his medications after his
23   December 5, 2013 discharge.  Dkt. 10, Ex. 5 at 11 (Jail Health Services nursing progress note
24   dated December 7, 2013 at "02:47," or 2:47 a.m.).  The nursing progress note provides that
25   "[w]hile discussing [patient] management on phone w/ER physician, notified her that our
26   MAR documents 5 doses of administered vicodin since [patient's] discharge on 12/5/13, and

1  prescribed Bactrim given KOP." *Id.*[1] However, after returning plaintiff to his hospital bed in

2  the KCJ infirmary, the nurse noted that she was "[u]nable to find bactrim KOP at bedside.

3  Upon further investigation, bactrim KOP bottle found in med room still unopened, not yet

4  given to inmate. Docusate also present, docusate given to inmate, bactrim not given [due to]

5  order changed from KOP to SD." Dkt. 10, Ex. 5 at 11.

6        Thus, contrary to defendants' assertion in their motion that "[s]ince Mr. Harris' last

7  discharge from Harborview [on December 5, 2013], he . . . had antibiotics to take on his own,"

8  Dkt. 7 at 4, the JHS nursing progress notes instead seem to corroborate plaintiff's report to

9  Harborview staff that he was never administered his prescribed Bactrim medication. Indeed,

10  these records indicate that the Bactrim KOP bottle was never given to plaintiff at all, and

11  remained unopened in the KCJ med room following his discharge from Harborview on

12  December 5, 2013. Dkt. 10, Ex. 5 at 11.

13        Although the JHS nurse's mistake in reporting to the Harborview ER physician that

14  plaintiff was to blame for failing to take his prescribed Bactrim following his December 5,

15  2013 discharge is understandable, as she had yet to discover the unopened bottle in the med

16  room that had "not yet [been] given to [the] inmate," the defendants' continued attempt to

17  blame plaintiff for his worsening condition following his December 5, 2013 discharge due to

18  deliberate medication non-compliance is not. Defendants are clearly intricately familiar with

19  the medical records at issue in this case, as they cite to them extensively throughout their

20  motion for summary judgment. *See* Dkt. 7. Dr. Sanders similarly relied extensively on these

21  medical records in his declaration. *See* Dkt. 10 (Sanders Decl.). It is therefore unclear, and

22  indeed, deeply troubling to the Court, that defendants continue to represent that following his

---

[1] The nurse then summarizes plaintiff's current medication status since his discharge from Harborview a few hours earlier around midnight on December 6, 2013, noting that because plaintiff "received a PO dose of Bactrim prior to discharge, next dose not due until 12/7/13 at 10am. Also, per our records inmate did not miss any evening meds and is current on prescribed pain medications." Dkt. 10, Ex. 5 at 11.

ORDER
PAGE - 4

1  December 5, 2013 discharge from Harborview plaintiff was given his prescribed "antibiotics to
2  take on his own" but "did not take his antibiotics when allowed to do so himself" and therefore
3  was responsible for his own worsening condition at that time.
4        Accordingly, the Court STRIKES defendants' October 9, 2015 motion for summary
5  judgment, Dkt. 7, and corresponding declarations, Dkts. 8-11.  Defendants are directed to file a
6  response to this Order by no later than **December 18, 2015**, explaining the apparent
7  discrepancy in the records discussed above, and why it was not discussed in the motion for
8  summary judgment and corresponding declarations.  In addition, defendants shall review the
9  medical records again and confirm that no similar discrepancies exist in this case.  After the
10  defendants have completed this review, they can file a corrected motion for summary
11  judgment, along with any supporting evidence, by no later than **December 18, 2015**.
12        The Clerk is directed to send copies of this Order to both parties and to the Honorable
13  Marsha J. Pechman.
14        DATED this 18th day of November, 2015.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER
PAGE - 5